**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, 378 N. Main Avenue Tucson, AZ 85701<br><br>Plaintiff,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, 1200 Pennsylvania Avenue, NW Washington, DC 20460<br><br>Defendant. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Civil Action No.: 18-cv-1219 |

## INTRODUCTION

1.      In this action, the Center for Biological Diversity ("Center")—an environmental conservation organization that works to prevent the extinction of wild species and protect their habitats—challenges the U.S. Environmental Protection Agency's ("EPA") failure to provide the communications of its administrator, Scott Pruitt ("Administrator Pruitt"), in violation of the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA").

2.      In a related action that is pending before the court, *Center for Biological Diversity v. EPA*, 17-cv-00816, the Center is challenging EPA's failure to locate and disclose records in response to its previously-filed FOIA requests for the administrator's communications, calendars and schedules. *Ctr. for Biological Diversity v. EPA*, 17-cv-00816 ("*Pruitt FOIA Litigation I*").

3.      In *FOIA Litigation I*, although EPA waited five months before agreeing to search for Administrator Pruitt's communication records, the agency insisted on limiting the temporal scope of its search to the administrator's first 11 days in office, between February 17, 2017—

when he assumed the office of EPA administrator—to February 28, 2017—the date of the
Center's prior FOIA request.

4.       To enforce its rights under FOIA, the Center had no recourse but to file litigation.
Plaintiff filed the initial complaint in *Pruitt FOIA Litigation I* on May 3, 2017.

5.       In addition, because of EPA's narrow interpretation of the Center's first such
request for the administrator's communications, since May 2017 the Center has filed five
additional FOIA requests for the administrator's communications.  To date, EPA has all but
completely ignored these additional requests, which are at issue here.

6.       EPA also refuses to conduct searches that are reasonably calculated to locate all
responsive communications in all likely places, and applies temporal and other limits that are not
reasonable or responsive to the requests.  Thus, the Center has likewise been left with little
recourse but to file additional litigation to enforce FOIA in connection with the Center's
subsequent FOIA requests for the same (and additional) records.

7.       In this case, Plaintiff also seeks an end to EPA's apparent pattern, policy, and/or
practice of initially denying the Center's requests for a public-interest waiver of fees under
FOIA, forcing the Center, a non-governmental organization, to appeal that adverse determination
(and often causing delays in the agency's processing of the underlying request), only to reverse
itself months later.  5 U.S.C.  § 552(a)(4)(A)(iii).  For two of the Center's unanswered FOIA
requests at issue here, EPA initially denied the Center's requests for fee waivers, claiming that
the Center "failed to demonstrate that the requested information concerns identifiable operations
and activities of the government."  After the Center timely appealed both fee waiver denials,
EPA reversed its position as to one of the appeals—not by determining that the Center had met
the criteria for a public-interest (or other) fee waiver, but by finding the fees to be "not billable."

EPA has failed to provide a timely determination on the second appeal.  EPA has similarly processed fee-waiver requests submitted by the Center along with other FOIA requests (not at issue here), and upon information and belief, is making the same or similar determinations in response to fee waivers submitted by other non-governmental organizations.

8.      EPA's pattern, policy, and/or practice of denying requests for fee waivers, forcing the requester to appeal, only for the agency to reverse itself on appeal months later, imposes unnecessary and unlawful delays on the Center's ability to obtain public records in a timely fashion, in accordance with FOIA's purpose of government transparency and statutory requirements.

9.      EPA also insists on continuing its pattern, policy, and/or practice of *always* using the date of the FOIA request as the cut-off date responsive records, regardless of the circumstances, and thereby prevents requesters from getting timely records in response to FOIA requests.

10.      Prompt access to these public records is critically necessary to effectuate FOIA's purpose, which is to allow the public to learn the priorities and audience of this controversial leader of the Environmental Protection Agency.  EPA's refusal to conduct an adequate search that is reasonably certain to locate all potentially responsive records and its failure to release the communications of its Administrator undermines FOIA's disclosure mandate and purpose of government transparency.

11.      Thus, the Center seeks an Order declaring that EPA has violated FOIA by failing to conduct adequate searches for all responsive records and otherwise improperly withholding them from the Center.

12.     The Center also seeks an Order: (1) directing EPA to conduct an adequate search(es) for all responsive records; (2) enjoining EPA from using the date of the Center's FOIA request(s) as the cut-off date(s); (3) enjoining EPA from withholding any responsive communications, or reasonably segregable portions thereof; and (4) enjoining EPA from its unlawful practice of forcing the Center to appeal the agency's adverse public-interest fee-waiver determinations.

13.     Finally, the Center also seeks a written finding that the actions of agency personnel raise questions about whether they acted arbitrarily or capriciously with respect to the Center's FOIA requests, and accordingly, directing the U.S. Office of Special Counsel ("OSC") to "promptly initiate a proceeding to determine whether disciplinary action is warranted" against the EPA "officer(s) or employee(s) who w[ere] primarily responsible" for the improper withholdings. 5 U.S.C. § 552(b)(4)(F).

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

15.     Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

16.     Injunctive relief is appropriate under 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(4)(F), and 28 U.S.C. § 2202. Declaratory relief is appropriate under 28 U.S.C. § 2201.

## PARTIES

17.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States. The Center has more than 63,000 members. The Center and its members are harmed by EPA's violations of FOIA, as such

violations preclude the Center from understanding the activities, priorities, and audience of the current EPA administrator.  EPA's failure to comply with FOIA harms the Center's ability to provide full, accurate and current information to the public on a matter concerning public interest.  Absent this information, the Center cannot advance its mission to protect native species and their habitat.

18.     Defendant U.S.  ENVIRONMENTAL PROTECTION AGENCY is an independent agency of the U.S.  government.  EPA is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C.  § 552(f).  EPA is the federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

## STATUTORY BACKGROUND

19.     FOIA's basic purpose is for government transparency.  FOIA requires federal agencies to make available to disclose agency records upon request.  5 U.S.C.  § 552(b)(1)-(9).

20.     Within 20 working days of receiving a request, an agency must determine whether to release requested records and notify the requester of its determination and the reasons therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination.  *Id.*  § 552(a)(6)(A)(i).

21.     Only in "unusual circumstances" may an agency extend the time to make the required determination, by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id.*  § 552(a)(6)(B)(i).  If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed

within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

22.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).  Using the date of a FOIA request as the cut-off date for its search is not always reasonable, while using the date that the agency commences its search has consistently been found to be a reasonable.

23.     FOIA requires federal agencies to promptly disclose requested records.  *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

24.     In certain limited instances, records may be withheld pursuant to nine specific exemptions.  *Id.* § 552(b).  These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

25.     FOIA places the burden on the agency to prove that it may withhold responsive records from a requester.  *Id.* § 552(a)(4)(B).

26.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

27.     FOIA allows agencies to charge requesters reasonable fees for "the processing of requests," but also limits federal agencies' ability to assess certain fees.  *Id.* § 552(a)(4)(A)(i)-(ii).  Thus, FOIA allows agencies to grant fee waivers if disclosure "is in the public interest because it is likely to contribute significantly to public understanding of the operations and

activities of the Government and is not primarily in the commercial interest of the requester." *Id.*

§ 552(a)(4)(A)(iii); 40 C.F.R.  § 2.107(1) (EPA regulation requiring the agency to grant a waiver

of fees whenever "disclosure of the requested information is in the public interest because it is

likely to contribute significantly to public understanding of the operations or activities of the

government and is not primarily in the commercial interest of the requester").  If an agency fails

to make a determination on a FOIA request within the statutory timeframe, the agency may not

collect certain fees from a requester.  *Id.*  § 552(a)(4)(A)(viii).

28.    FOIA also imposes strict deadlines on federal agencies to decide appeals of their

FOIA determinations.  Specifically, agencies must decide appeals within 20 working days of

receiving them.  *Id.*  § 552(a)(6)(A)(ii).  An agency may extend the 20-working-day deadline for

deciding an appeal by 10 additional days, but only if it provides written notice to the requester

that sets forth "unusual circumstances" that justify the extension and a date by which the agency

expects to make the determination.  *Id.*  § 552(a)(6)(B).

29.    FOIA provides this Court jurisdiction "to enjoin the agency from withholding

agency records and to order the production of any agency records improperly withheld from the

complainant." *Id.*  § 552(a)(4)(B).

30.    FOIA provides that whenever the court orders the production of any agency

records improperly withheld and assesses reasonable attorney fees and other litigation costs

against the agency, and "additionally issues a written finding that the circumstances surrounding

the withholding raise questions whether agency personnel acted arbitrarily or capriciously with

respect to the withholding," it may direct "the Special Counsel" to "promptly initiate a

proceeding to determine whether disciplinary action is warranted against the officer or employee

who was primarily responsible for the withholding" found to be improper.  5 U.S.C.  § 552(a)(4)(F)(i).

## FACTUAL BACKGROUND

### *Pruitt FOIA Litigation I*

31.     In *Pruitt FOIA Litigation I*, the Center challenged EPA's failure to provide the communications and schedules of Administrator Pruitt in response to prior-filed FOIA requests. *Center for Biological Diversity v.  EPA*, 17-cv-00816 (DDC) (TJK).

32.     EPA rejected one of the Center's earlier-filed FOIA requests for administrator Pruitt's communications by email dated March 1, 2017—just two weeks after Mr.  Pruitt's confirmation—and refused to process the Center's request by claiming that the Center failed to reasonably define a set of records to search.  EPA claimed that the Center was required to but did not provide "key terms, subject matters or titles."  EPA formally denied the Center's request by letter the next day, on the same basis.

33.     The Center timely appealed EPA's denial on March 15, 2017, and on April 26, 2017, EPA affirmed its determination that the Center's request was not reasonably described.

34.     The Center filed the initial complaint in *Pruitt FOIA Litigation I*, on May 3, 2017, and a First Amended Complaint on May 23, 2017.

35.     It was not until July 28, 2017 that EPA agreed to process the Center's February 28, 2018 request for Administrator Pruitt's communications.  Yet in spite of the Center's protests, EPA refused to use the date of its search as the temporal cut-off date for locating responsive records.  Instead, EPA temporally limited its search to only certain responsive records that were received by Mr.  Pruitt during the 11 days (eight business days) between February 17, 2017, when Pruitt assumed the office, and February 28, 2017, when the Center submitted its

FOIA request for the administrator's communications.  Thus, EPA insisted on using the date-of-request as the cut-off date for its search, regardless of the circumstances, and then took nearly another year to commence and complete its temporally restrictive search.

36.     EPA's insistence on *always* using the date of the request as the search cut-off date has consequences and unnecessarily consumes administrative and judicial resources.  For example, because EPA insisted on limiting its search to Administrator Pruitt's fist days in office, the Center has had to file multiple subsequent requests for his communications.  Meanwhile, EPA has all but completely ignored all of the Center's subsequently filed FOIA requests seeking the administrator's communications which are now at issue in this additional FOIA lawsuit, thereby consuming administrative and judicial resources, unnecessarily.

37.     EPA's unlawful pattern, policy, and/or practice of universally using the date of a FOIA request as the cut-off date for its search for responsive records, regardless of the reasonableness of doing so in connection with any specific request, prevents requesters from getting timely records in response to FOIA requests and, thereby undermines FOIA's purpose of promoting transparency and openness in government.

### EPA-HQ-2017-008994 (June 2017 Pruitt's Communications FOIA Request)

38.     On June 30, 2017, the Center submitted a FOIA request through EPA's online FOIA portal, FOIAOnline.regulations.gov, requesting all correspondence of the Administrator, including but not limited to, all letters, emails, text messages, instant messages, voicemails, and phone logs for any phones utilized by Administrator Pruitt from any and all agency and EPA servers, cloud portals, secure websites, computers, tablets, smart phones, etc., sent to or from Mr. Pruitt, with the exception of any records that are or will be publicly available.

39.     The same day, EPA acknowledged the Center's request and assigned it tracking number EPA-HQ-2017-008994 ("June 2017 Pruitt Communications FOIA Request").

40.     On July 10, 2017, EPA granted the Center's request for a fee waiver.

41.     By email dated July 31, 2017, EPA informed the Center that its "request makes no mention of a subject matter," that "this FOIA request is tolled until we receive your clarification or modification," and that the Center should "respond to this request for clarification or modification within ten calendar days from the date of this letter" and "[i]f we do not receive a response from you within this time period, we will consider your request to be voluntarily withdrawn."

42.     On August 9, 2017, the Center and EPA discussed the scope of this request in a phone call.  EPA's representatives informed counsel for the Center that the agency would commence "Phase 1" of its response by providing communications that had been sent to or received by Mr.  Pruitt.  The Center agreed to exclude from the response any "issue mail"— consisting of 788,500 mostly identical emails focused on the same petition, comment, or message—as Plaintiff was interested in the communications that had been created or sent from Mr.  Pruitt.  EPA did not indicate whether it would search for all forms of communication records, to or from Administrator Pruitt, in any location, as Plaintiff had requested.

43.     It was not until eight months later, on April 10, 2018, when EPA informed the Center that it had initiated a search for records in response to the Center's June 2017 Pruitt Communications FOIA Request.  EPA estimated that it would complete its response by July 20, 2021—*i.e.*, three years—to fulfill the request.

44.     As of the filing of this complaint, which is 205 working days since EPA's estimated completion date of July 31, 2017, the Center has received no records, determinations,

or additional communications from EPA on the Center's June 2017 Pruitt Communications

FOIA Request.

45.     In connection with the Center's June 2017 Pruitt Communications FOIA Request,

EPA has not requested additional information from the Center or notified the Center of any

"unusual circumstances" that prevent it from complying with FOIA's deadline for a

determination.  *Id.* § 552(a)(6)(A)-(B).

46.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the

records that are responsive to the Center's June 2017 Pruitt Communications FOIA Request.  *Id.*

§ 552(b).

47.     EPA failed to provide the Center with reasonably segregable portions of the

requested records after deletion of any portions which may be lawfully withheld from disclosure

under any FOIA exemption(s).  *Id.*

48.     The Center has been required to expend resources to prosecute this action.

### EPA-HQ-2017-010311 (August 2017 Pruitt Communications FOIA Request); APPEAL EPA-HQ-2018-000190

49.     On August 8, 2017, the Center submitted a FOIA request through EPA's online

FOIA portal, FOIAOnline.regulations.gov.  The Center requested the following records since

February 17, 2017: all communications, including but not limited to, all letters, emails, text

messages, instant messages, transcripts, recordings, voicemails, and phone logs for any phones

utilized by Administrator Pruitt from any and all agency and EPA servers, cloud portals, secure

websites, computers, tablets, smart phones, etc., sent to or from Mr.  Pruitt, with the exception of

any records that are or will be publicly available.

50.     The same day, EPA acknowledged the Center's request and assigned it tracking

number EPA-HQ-2017-010311 ("August 2017 Pruitt Communications FOIA Request").

51.     In a letter dated September 28, 2017, EPA informed the Center that it was denying the Center's request for a fee waiver because the Center "failed to demonstrate that the requested information concerns identifiable operations and activities of the government," and hence "there is no need for [EPA] to address the remaining prongs of the fee waiver criteria." EPA also informed the Center of its appeal rights.

52.     The Center timely appealed EPA's fee waiver denial on October 5, 2017.  The same day, EPA acknowledged the Center's appeal and assigned it tracking number EPA-HQ-2018-000190.

53.     On October 13, 2017, the Center informed EPA that it would agree "under protest to pay up to the $25.00 fee EPA described while the fee waiver appeal is being considered and decided." The Center also informed EPA that the agency "must proceed with a determination on the [Center's] request for records."

54.     By letter dated November 2, 2017, EPA informed the Center that it determined "the amount of billable fees for [the Center's] request will fall below the minimum billable threshold of $14.00," and, "[t]herefore, EPA will not charge processing fees for this request, [the Center's] appeal is moot, and I am closing [the] appeal file."

55.     It was not until Tuesday, April 10, 2018, that EPA informed the Center that it had initiated a search for responsive records for the Center's August 2017 Pruitt Communications FOIA Request.  EPA estimated that it would complete its response by March 20, 2022.

56.     As of the filing of this complaint, which is 178 working days since EPA's estimated completion date of September 7, 2017, the Center has received no records and no additional communications from EPA on the Center's August 2017 Pruitt Communications FOIA Request.

57.     In connection with the Center's August 2017 Pruitt Communications FOIA
Request, EPA has not requested additional information from the Center or notified the Center of
any "unusual circumstances" that prevent it from complying with FOIA's deadline for a
determination.  *Id.*  § 552(a)(6)(A)-(B).

58.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the
records that are responsive to the Center's August 2017 Pruitt Communications FOIA Request.
*Id.*  § 552(b).

59.     EPA failed to provide the Center with reasonably segregable portions of the
requested records after deletion of any portions which may be lawfully withheld from disclosure
under any FOIA exemption(s).  *Id.*

60.     The Center has been required to expend resources to prosecute this action.

**EPA-HQ-2018-000531 (October 2017 Pruitt Communications FOIA Request);**
**APPEAL EPA-HQ-2018-001316**

61.     On October 13, 2017, the Center submitted a FOIA request through EPA's online
FOIA portal, FOIAOnline.regulations.gov.  The Center requested the following records from
August 8, 2017 to the date of search: all communications, including but not limited to, all letters,
emails, text messages, instant messages, transcripts, recordings, voicemails, and phone logs for
any phones utilized by Administrator Pruitt from any and all agency and EPA servers, cloud
portals, secure websites, computers, tablets, smart phones, etc., sent to or from Mr.  Pruitt, with
the exception of any records that are or will be publicly available.

62.     The same day, EPA acknowledged the Center's request and assigned it tracking
number EPA-HQ-2018-000531 ("October 2017 Pruitt Communications FOIA Request").

63.     In a letter dated November 2, 2017, EPA informed the Center that it was denying
the Center's request for a fee waiver because the Center "failed to demonstrate that the requested

information concerns identifiable operations and activities of the government," and so "there is no need for [EPA] to address the remaining prongs of the fee waiver criteria." EPA also informed the Center of its appeal rights.

64.     The Center timely appealed EPA's fee waiver denial on November 2, 2017.  The same day, EPA acknowledged the Center's appeal and assigned it tracking number EPA-HQ-2018-001316.

65.     On November 29, 2017, the Center notified EPA that "the 20-day deadline for EPA to respond to the … appeal in the matter EPA-HQ-2018-000531; EPA-HQ-2018-001316 … will expire in 4 working days, or December 4, 2017."

66.     On December 4, 2017, EPA informed the Center that the "Office of General Counsel expects to be able to complete your appeal by December 28, 2017, ten working days from the current deadline of December 4, 2017."

67.     As of the filing of this complaint, which is 178 working days since EPA's estimated completion date of September 7, 2017, the Center has received no records, no additional communications from EPA, or an updated estimate of the date of the agency's determination of the Center's Pruitt October 2017 Pruitt Communications FOIA Request or Appeal.

68.     EPA has not indicated that it initiated a search for records responsive to the Center's October 2017 Pruitt Communications FOIA Request.

69.     In connection with the October 2017 Pruitt Communications FOIA Request, EPA has not (1) requested additional information from the Center, (2) notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a

determination, or (3) provided a date by which it expects to make a determination on the Center's Pruitt Communications October FOIA Request. *Id.* § 552(a)(6)(A)-(B).

70. None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the Center's October 2017 Pruitt Communications FOIA Request. *Id.* § 552(b).

71. EPA failed to provide the Center with reasonably segregable portions of the requested records after deletion of any portions which may be lawfully withheld from disclosure under any FOIA exemption(s). *Id.*

72. The Center has been required to expend resources to prosecute this action.

### EPA-HQ-2018-001662 (November 2017 Pruitt Communications FOIA Request)

73. On November 13, 2017, the Center submitted a FOIA request through EPA's online FOIA portal, FOIAOnline.regulations.gov. The Center requested the following records from October 13, 2017 to the date of search: all communications, including but not limited to, all letters, emails, text messages, instant messages, transcripts, recordings, voicemails, and phone logs for any phones utilized by Administrator Pruitt from any and all agency and EPA servers, cloud portals, secure websites, computers, tablets, smart phones, etc., sent to or from Mr. Pruitt, with the exception of any records that are or will be publicly available.

74. The same day, EPA acknowledged the Center's request and assigned it tracking number EPA-HQ-2018-001662 ("November 2017 Pruitt Communications FOIA Request").

75. In a letter dated November 30, 2017, EPA informed the Center that it has determined the Center's November 2017 Pruitt Communications FOIA Request was "not billable".

76.     It was not until Tuesday, April 10, 2018, that EPA informed the Center that it had initiated a search for responsive records for the Center's November 2017 Pruitt Communications FOIA Request.  EPA estimated that it would complete its response by November 20, 2027.

77.     As of the filing of this complaint, which is 113 working days since EPA's estimated completion date of December 12, 2017, the Center has received no records and no additional communications from EPA on the Center's Pruitt November 2017 Pruitt Communications FOIA Request or Appeal.

78.     In connection with the October 2017 Pruitt Communications FOIA Request, EPA has not (1) requested additional information from the Center, (2) notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination, or (3) provided a date by which it expects to make a determination on the Center's Pruitt Communications October FOIA Request.  *Id.*  § 552(a)(6)(A)-(B).

79.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the Center's October 2017 Pruitt Communications FOIA Request. *Id.*  § 552(b).

80.     EPA failed to provide the Center with reasonably segregable portions of the requested records after deletion of any portions which may be lawfully withheld from disclosure under any FOIA exemption(s).  *Id.*

81.     The Center has been required to expend resources to prosecute this action.

**EPA-HQ-2017-007503 (May 2017 Pruitt Ethical Violations FOIA Request)**

82.     On May 18, 2017, the Center submitted a FOIA request through EPA's online FOIA portal, FOIAOnline.regulations.gov.  The Center requested the following records from February 17, 2017 to the date of EPA's search: (1) all records of correspondence to, from, and/or

with Administrator Pruitt mentioning, including, and/or referencing: (a) non-official messaging systems; and/or (b) email records management; and/or (c) EPA Office of Inspector General's ("OIG") investigation of allegations of an encrypted messaging application referenced in a February 14, 2017 letter from the House Committee on Science, Space, and Technology to the OIG; (2) all records that the Natural Resources Defense Council ("NRDC") requested that mention, include, and/or reference the NRDC's February 17, 2017 press release announcing Mr. Pruitt's "Ascension"; (3) all records that NRDC requested that mention, include and/or reference Mr. Pruitt's involvement, if any, in two pleadings filed by EPA in ongoing litigation over the Clean Water Rule, 40 C.F.R. §§ 110–401, in which the State of Oklahoma is a party; (4) all records that NRDC requested that mention, include and/or reference Mr. Pruitt's participation in, recusal from, and/or receipt of an ethics waiver to participate in any litigation in which the State of Oklahoma is a party; and/or (5) all records that NRDC requested that mention, include and/or reference the memorandum and/or memoranda referenced by Mr. Pruitt during a radio interview describing the agency's settlement and consent decree policies.

83.    EPA acknowledged the request the same day it was sent and assigned it tracking number EPA-HQ-2017-007503 ("May 2017 Pruitt Ethical Violations FOIA Request").

84.    EPA granted the Center's request for a fee waiver on May 25, 2017.

85.    On July 18, 2017, the Center sent a letter notifying EPA that it had violated FOIA's mandatory determination deadline, requesting an estimated completion date, and offering to assist the agency in processing the Center's request.

86.    As of the filing of this complaint, which is 179 working days since EPA's estimated completion date of September 6, 2017, the Center has received no records, no

additional communications from EPA, or an updated estimate of the date of the agency's

determination of the Center's Pruitt Ethical Violations FOIA Request.

87.     EPA has not indicated that it initiated a search for records responsive to the

Center's May 2017 Pruitt Ethical Violations FOIA Request.

88.     In connection with the Pruitt Ethical Violations FOIA Request, EPA has not (1)

requested additional information from the Center, (2) notified the Center of any "unusual

circumstances" that prevent it from complying with FOIA's deadline for a determination, or (3)

provided a date by which it expects to make a determination on the Pruitt Ethical Violations

FOIA Request.  *Id.*  § 552(a)(6)(A)-(B).

89.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the

records that are responsive to the Center's May 2017 Pruitt Ethical Violations FOIA Request.

*Id.*  § 552(b).

90.     EPA failed to provide the Center with reasonably segregable portions of the

requested records after deletion of any portions which may be lawfully withheld from disclosure

under any FOIA exemption(s).  *Id.*

91.     The Center has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

EPA Refused to Disclose and Continues to Improperly Withhold Records that are Responsive to
the Center's FOIA Requests

92.     Plaintiff re-alleges and incorporates by reference the allegations made in all

preceding paragraphs.

93.     EPA violated FOIA and EPA's implementing regulations for FOIA by refusing to disclose records that are responsive to the following FOIA requests by the Center:

    a.   EPA-HQ-2017-007503 (May 2017 Pruitt Ethical Violations FOIA Request);

    b.   EPA-HQ-2017-008994 (June 2017 Pruitt Communications FOIA Request);

    c.   EPA-HQ-2017-010311 (August 2017 Pruitt Communications FOIA Request);

    d.   EPA-HQ-2018-000531 (October 2017 Pruitt Communications FOIA Request); and

    e.   EPA-HQ-2018-001662 (November 2017 Pruitt Communications FOIA Request).

94.     The Center has a statutory right to the records it seeks.

95.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

96.     The Center's organizational activities will be adversely affected if EPA continues to violate FOIA's disclosure provisions as it has in this case.

97.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, EPA will continue to violate Plaintiff's rights to receive public records under FOIA.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

EPA Violated FOIA's Mandatory Determination Deadline for the Center's FOIA Requests and Appeal

98.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

99.     The Center has a statutory right to a lawful final determination from EPA, in a manner that complies with FOIA, on the following FOIA requests and appeal by the Center:

    a.   EPA-HQ-2017-007503 (May 2017 Pruitt Ethical Violations FOIA Request);

     b.   EPA-HQ-2017-008994 (June 2017 Pruitt Communications FOIA Request);

     c.   EPA-HQ-2017-010311 (August 2017 Pruitt Communications FOIA Request);

     d.   EPA-HQ-2018-000531 (October 2017 Pruitt Communications FOIA Request); APPEAL EPA-HQ-2018-001316; and

     e.   EPA-HQ-2018-001662 (November 2017 Pruitt Communications FOIA Request).

100.    EPA has violated the Center's rights in this regard by unlawfully delaying its responses to the Center's FOIA requests and appeals beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

101.    The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's decision deadlines as it has in this case.

102.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

EPA Failed to Conduct Adequate Searches for Records Responsive
to the Center's FOIA Requests

103.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

104.    The Center has a statutory right to have EPA process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). EPA violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the following FOIA requests by the Center:

     a.   EPA-HQ-2017-007503 (May 2017 Pruitt Ethical Violations FOIA Request);

     b.   EPA-HQ-2017-008994 (June 2017 Pruitt Communications FOIA Request);

c.  EPA-HQ-2017-010311 (August 2017 Pruitt Communications FOIA Request);

d.  EPA-HQ-2018-000531 (October 2017 Pruitt Communications FOIA Request); and

e.  EPA-HQ-2018-001662 (November 2017 Pruitt Communications FOIA Request).

105.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

106.    The Center's organizational activities will be adversely affected if EPA continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

107.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

EPA Failed to Provide Reasonably Segregable Portions of Any Records
that it Properly Withheld

108.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

109.    The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C.  § 552(b).

110.    EPA violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the following FOIA Requests by the Center:

a.  EPA-HQ-2017-007503 (May 2017 Pruitt Ethical Violations FOIA Request);

b.  EPA-HQ-2017-008994 (June 2017 Pruitt Communications FOIA Request);

    c.   EPA-HQ-2017-010311 (August 2017 Pruitt Communications FOIA Request);

    d.   EPA-HQ-2018-000531 (October 2017 Pruitt Communications FOIA Request); and

    e.   EPA-HQ-2018-001662 (November 2017 Pruitt Communications FOIA Request).

111.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

112.    The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's disclosure provisions as it has in this case.

113.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### EPA's Impermissible Practice, Pattern and Practice, and/or Policy of Violating FOIA by Uniformly Applying the Date of the Requests as the Search Cut-Off Dates

114.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

115.    EPA has adopted and is engaged in a pattern, practice, and/or policy of violating FOIA's procedural requirements when processing FOIA requests by intentionally refusing to use a reasonable cut-off date for its search for responsive records.

116.    In response to the Center's Pruitt FOIA requests at issue in this complaint and *Pruitt FOIA Litigation I*, EPA has imposed an arbitrary cut-off date for its search that is the date of the request letter, regardless of the nature of the request or how long the search was expected to take.  Upon information and belief, this activity represents an ongoing pattern, policy, or practice of violating FOIA.

117.    EPA's repeated and intentional actions have resulted, and will continue to result, in the untimely access to information to which the Center is entitled, and the production of stale information that is of little value and, yet, more costly than fresh information ought to be. *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988).

118.    Despite this court's repeated admonishment of EPA's failure to conduct adequate searches for records responsive to FOIA requests, EPA has refused to comply.

119.    EPA's repeated failures to abide by the terms of FOIA are not attributable to an unpredictable influx in FOIA requests or other reasonable delay.

120.    EPA's impermissible pattern, policy, and/or practice of uniformly applying an unreasonable search cut-off date warrants declaratory and injunctive relief under *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988); *see also Muttitt v. U.S. Cent. Command*, 813 F. Supp. 2d 221, 229-31 (D.D.C. 2011).

121.    EPA's pattern, policy, and/or practice of unlawful conduct in violation of FOIA's mandates is likely to recur absent intervention by this Court.

122.    EPA's pattern, policy, and/or practice has impaired, and will continue to impair the Center's lawful access to information in the future.

123.    Defendant's pattern, policy, and/or practice exists, whether formal or informal in nature.

124.    FOIA imposes no limits on courts' equitable powers in enforcing its terms, and this Court should exercise its equitable powers to compel EPA to comply with the clear requirements of FOIA and prevent it from continuing to apply its unlawful pattern, policy, and/or practice.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

<u>EPA's Unlawful Pattern, Policy, and/or Practice of Violating FOIA</u>

125.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

126.    EPA has adopted and is engaged in a pattern, practice, and/or policy of violating FOIA's procedural requirements when processing FOIA requests by intentionally refusing to issue a lawful determination, produce responsive records, and/or respond in any manner, unless and until the Center files a lawsuit.

127.    EPA's repeated unreasonable delays and intentional refusals to issue a lawful determination and/or produce non-exempt records violates the intent and purpose of FOIA.

128.    EPA's repeated and intentional actions have resulted, and will continue to result, in the untimely access to information to which the Center is entitled, and the production of stale information that is of little value and, yet, more costly than fresh information ought to be.  *Payne Enterprises, Inc.  v.  United States*, 837 F.2d 486, 494 (D.C.  Cir.  1988).

129.    EPA's repeated failures to abide by the terms of FOIA are not attributable to an unpredictable influx in FOIA requests or other reasonable delay.

130.    Despite EPA receiving prior admonishment by this court as to the woeful deficiencies in its FOIA search, processing, and response practices, *Landmark Legal Found.  v. EPA*, 82 F.  Supp.  3d 211, 228 (D.D.C.  2015), EPA has refused to comply with the court's recommendations to ensure proper oversight of the FOIA process.

131.    EPA's impermissible pattern, practice, and/or policy of refusing to conduct a reasonable search, and failure to issue a determination and/or produce responsive records unless and until the Center files suit, warrants declaratory and injunctive relief under *Payne Enterprises,*

*Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988); *see also Muttitt v. U.S. Cent. Command*, 813 F. Supp. 2d 221, 229-31 (D.D.C. 2011).

132.    EPA's pattern or practice of unlawful conduct in violation of FOIA's clear procedural requirements is likely to recur absent intervention by this Court.

133.    EPA's policy or practice has impaired, and will continue to impair the Center's lawful access to information in the future.

134.    Defendant's policy or practice exists, whether formal or informal in nature.

135.    FOIA imposes no limits on courts' equitable powers in enforcing its terms, and this Court should exercise its equitable powers to compel EPA to comply with the clear requirements of FOIA and prevent it from continuing to apply its unlawful pattern, practice, and/or policy.

<u>SEVENTH CLAIM FOR RELIEF</u>
<u>VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT</u>
**(In the Alternative to the First through Sixth Claims)**

<u>EPA Unlawfully Withheld or Unreasonably Delayed Actions That FOIA Requires</u>

136.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

137.    EPA unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to (1) search for and disclose records that are responsive to the Center's FOIA requests; (2) make a timely and lawful determination on the Center's FOIA requests; (3) conduct a search that is reasonably calculated to locate all responsive records to the Center's FOIA requests and which utilizes a lawful cut-off date for the search; (4) provide the Center with records that are responsive to its FOIA requests, which are not within the scope of any of FOIA's exemptions to mandatory disclosure; and (5) provide the

Center with all reasonably segregable portions of responsive records to the Center's FOIA requests in the event that records may be subject to an exemption.  EPA's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C.  § 706(1).

138.    Alternatively, EPA unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal:  (1) to search for and disclose records that are responsive to the Center's FOIA requests; (2) to make a timely and lawful determination on the Center's FOIA requests; (3) to conduct a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA requests and which utilizes a lawful cut-off date for the search; (4) provide the Center with records that are responsive to its FOIA requests, which may not be withheld pursuant to any of FOIA's narrowly construed exemptions to mandatory disclosure; and (5) to provide the Center with reasonably segregable portions of records responsive to the Center's FOIA requests which contain any material that may be lawfully withheld under an exemption(s).  EPA's failures constitute agency action unreasonably delayed and therefore actionable pursuant to the APA, 5 U.S.C.  § 706(1).

139.    As alleged above, EPA's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of its statutory duties under the APA.

140.    The Center has suffered a legal wrong as a result of EPA's failure to comply with the mandates of FOIA.  As alleged above, EPA violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

141.    The Center has no other adequate remedy at law to redress the violations noted above.

142.     Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

### EIGHTH CLAIM FOR RELIEF
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
**(In the Alternative to the First through Seventh Claims)**

EPA's Violations of FOIA, Agency Policy, the Federal Records Act,
and Other Applicable Laws Are Arbitrary, Capricious, an Abuse of Discretion,
or Otherwise Not in Accordance with Law

143.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

144.     EPA violated FOIA's statutory mandates, agency policy, the Federal Records Act, 44 U.S.C. §§ 3101-3107, and other applicable laws due to its failure and refusal to (1) search for and disclose records that are responsive to the Center's FOIA requests; (2) make a timely and lawful determination on the Center's FOIA requests; (3) conduct a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA requests and which utilizes a lawful cut-off date for the search; (4) provide the Center with records that are responsive to its FOIA requests, which may not be withheld pursuant to any of FOIA's narrowly construed exemptions to mandatory disclosure; and (5) provide the Center with reasonably segregable portions of records responsive to the Center's FOIA requests which contain any material that may be subject withheld lawfully under an exemption(s).  By repeatedly violating FOIA's statutory mandates, EPA's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

145.     EPA's improper withholding of records from the Center raises questions about whether the agency acted arbitrarily or capriciously with respect to the withholding.

146.    As alleged above, EPA's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

147.    The Center has suffered a legal wrong as a result of EPA's failure to comply with the mandates of FOIA.  As alleged above, EPA violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

148.    The Center has no other adequate remedy at law to redress the violations noted above.

149.    The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.    Order Defendant to conduct a search that is reasonably calculated to locate all records responsive to each of Plaintiff's FOIA requests, with use of a reasonable cut-off date for such search being the date the search is conducted, and provide Plaintiff with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

2.    Declare that Defendant's failure to undertake a search that is reasonably calculated to locate all records that are responsive to Plaintiff's FOIA requests, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

3.    Declare that Defendant's failure to disclose the requested records to Plaintiff is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i), or in the alternative, is agency action that has

been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

4.      Declare that Defendant's failure to timely make a determination on Plaintiff's FOIA requests and appeal is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

5.      Declare that Defendant's failure to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(7)(b), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

6.      Declare that Defendant has implemented an impermissible pattern, practice, and/or policy of failing to conduct adequate searches using a reasonable cut-off date, and of insisting on untimely and noncompliant responses to FOIA requests, pursuant to this Court's equitable powers as recognized in *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 D.C. Cir. 1988) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19-20 (1974)), and enjoin Defendant from continuing to implement those patterns, practices, and/or policies.

7.      Issue a written order declaring that the circumstances surrounding EPA's improper withholding of records from the Center raises questions about whether the agency acted arbitrarily or capriciously with respect to the withholding.

8.     Award Plaintiff its reasonable litigation costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

9.     Issue an order directing the Office of Special Counsel to promptly initiate a proceeding to determine whether disciplinary action is warranted against the EPA officer(s) or employee(s) primarily responsible for the withholding pursuant to 5 U.S.C. § 552(a)(4)(F)(i).

10.    Grant such other and further relief as the Court may deem just and proper.

DATED: May 24, 2017                    Respectfully submitted,


*/s/ Margaret E.  Townsend*
Margaret E.  Townsend (DC Bar No.  OR0008)
Amy R.  Atwood (D.C.  Bar No.  470258)
Center for Biological Diversity
P.O.  Box 11374
Portland, OR 97211-0374
(971) 717-6409
mtownsend@biologicaldiversity.org
atwood@biologicaldiversity.org

*Attorneys for Plaintiff*